### Lawrence H. Boon and others

*v.*

### William Pierpont and others.

1. A presumption of payment does not arise from the fact that no interest has been paid on a mortgage for nineteen years.

2. A mortgage is not invalidated by a misdescription made by a scrivener, where the premises may be identified by the admissions of the parties themselves, by references thereto in other deeds, and by an actual location thereof by the parties.

3. The omission of defendants' names from the prayer for answer, cannot be taken advantage of by general demurrer.

4. Demurrer overruled, with leave to amend, unless complainants, within ten days, amend their bill by inserting defendants' names in the prayer for answer.

Bill to foreclose.    On demurrer.

*Mr. F. Kingman*, for demurrant.

*Mr. M. P. Grey*, for complainants.

THE CHANCELLOR.

The demurrer is filed by the defendant, William Pierpont. The causes of demurrer assigned on the argument were, that the bill prays a decree for foreclosure and sale of mortgaged premises, which are admitted by the bill to be different from those described in the mortgage; that the complainants' mortgage is, seeing that no payment has been made on it for nineteen years, to be presumed to have been paid or discharged; and that the bill is defective because it contains no prayer for answer. The bill states that in 1819, Sarah Dick was the owner in fee of a lot of land containing thirty-eight square perches, more or less, on the westerly side of what was then known as New street (since known as Griffith street and West Griffith street), in the town of Salem, in this state; that in that year she conveyed it to William Sherron in fee; that in 1840 he conveyed part of it, a small triangular piece on the westerly side of the lot, to Sarah Lindsey, who owned a lot on that side of the property; that afterwards, in the last mentioned year, she died; that by her will she gave to her daughter, Mary Lindsey, the triangular piece and her lot above mentioned, which it adjoined; that Mary Lindsey afterwards intermarried with Lawrence Hoover Boon; that they in 1842 conveyed the property so devised to her to Robert M. Boon, and that he on the same day conveyed it to Lawrence Hoover Boon, who still owns it. The bill further states that William Sherron continued to own the remainder of the property conveyed to him by Sarah Dick, up to the time of his death; that after his death it was sold by virtue of proceedings in partition and bought by William J. Shinn and Oliver B. Stoughton; that, in the deed from the commissioners to them for the property, it was described as " all that certain lot of land situate on the west side of

Griffith street, in the town of Salem, and state of New Jersey, together with two frame shops thereon, one in the occupation of Edward H. Robbins and the other of Henry Fox, which said lot of land was conveyed by Sarah Dick to the said William Sherron, in his lifetime, by deed bearing date on the first day of April, A. D. eighteen hundred and forty-six, and is thus described, viz." (Here follows the description by metes and bounds of another lot of land on the other side of the same street, conveyed by Sarah Dick to William Sherron, and owned by him at his death, but subsequently sold by his administrators, under an order of the orphan's court, to Albert W. Sherron, who, at the time of the sale in partition, was the owner thereof,) and that the land sold in partition and intended to be conveyed by that deed was the land on the west side of the street, but by mistake of the scrivener who drew the deed from the commissioners, the description contained in the deed of April 1st, 1846, from Sarah Dick to William Sherron was inserted instead of the true description; that in 1849 Shinn and Stoughton conveyed a part of that property to the complainant, Lawrence Hoover Boon, by a correct description, and afterwards conveyed all the rest of it to Henry Fox, describing the premises as being on the west side of Griffith street, and as the land conveyed to Shinn and Stoughton by the commissioners in partition, except the lot conveyed to Lawrence H. Boon, but otherwise misdescribing it by metes and bounds as in the deed from the commissioners; that Fox occupied the premises so conveyed to him and erected a frame house and put other improvements on them, and on the 6th of April, 1850, mortgaged them to the complainants, describing them in the mortgage as they were described in the last mentioned deed; that afterwards, on the 30th of September, 1850, Fox conveyed the property by like description to Thomas S. Smith, and that on the 8th of November, 1855, Smith conveyed it to the defendant, William Pierpont, by like description, expressly subject, however, to the complainants' mortgage, which was thereby

declared to be a lien thereon.   The bill further states that Pierpont entered into possession of the premises and mortgaged them to Smith by like description, and that he paid interest on the complainants' mortgage, his last payment having been made on the 19th of December, 1856, (the bill was filed on the 16th of February, 1876,) and charges that the mortgaged premises are the same which, at the time of filing the bill, were in Pierpont's possession, and gives a correct description of them, stating facts and circumstances tending to establish the identity of the mortgaged premises with the property in possession of Pierpont.   There is no room for doubt that that identity is established.   It is clear that the description by metes and bounds in the description of the commissioners' deed, and in the deeds to Fox, and Smith, and Pierpont, respectively, and in the complainants' mortgage, must be rejected, and also the reference to the deed of April 1st, 1846.   The intention of the grantors to convey, and of the mortgagor to mortgage, the lot on the west side of Griffith street in possession of Pierpont, is indisputable.   If the mortgage is invalidated by the partial misdescription, Pierpont's deeds must be so too.   The metes and bounds and reference to the conveyance from Sarah Dick to William Sherron are not necessary to establish the identity of the property intended to be conveyed and mortgaged.   There are in the description other evidences of the intention of the grantors and mortgagor which, with collateral facts and circumstances stated in the bill, establish with reasonable certainty the intention of the parties and the identity of the property, in spite of the misdescription.   The parties have by actual location put a construction upon the deed, and the reference in the mortgage to the deeds under which the title was derived back to and including the deed from the commissioners, gives to the mortgage the benefit of the statement in that deed that the premises are situated on the west side of Griffith street, and had at the date of the last mentioned deed two frame shops thereon, one of which then was in the occupation of Edward H. Rob-

bins, and the other of Fox. *Jackson* v. *Perrine*, 6 *Vr.* 142; *McLaughlin* v. *Bishop*, *Id.* 512; 2 *Washb. on R. P.* 638. On the statements of the bill, which on demurrer are to be taken to be true, there can be no doubt as to the identity of the property. The bill states that Pierpont paid interest on the mortgage up to the 19th of December, 1856; about nineteen years before the filing of the bill, and that he paid nothing after that time, but alleges that the interest since that time is, with all the principal, due to the complainants. From this statement no presumption that the mortgage has been paid or discharged arises. ·The names of the defendants have been omitted from the· prayer for answer in the bill. The demurrer, however, points out no defects of form, but is merely a general demurrer. The demurrer is overruled, but leave will be given to amend it unless the complainants shall, within ten days from the date of the order, amend their bill by inserting the names of the defendants in the prayer for answer. The order will be made without costs to either party as against the other.